UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

2700 MANAGEMENT CO., LLC,

                Plaintiff,

-against-

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 32BJ and JOSEPH KRACKO

                Defendants.

------------------------------------------------------------------x

ECF CASE

NOTICE OF REMOVAL
OF A CIVIL ACTION

Defendant Service Employees International Union, Local 32BJ ("Union" or "Local 32BJ"), submits this petition for removal pursuant to 28 U.S.C. §§ 1441 and 1446.

1. Plaintiff 2700 Management Co. LLC ("2700 Management") commenced an action in the Supreme Court of the State of New York, County of New York entitled *2700 Management Co. LLC, Plaintiff, against Service Employees International Union, Local 32BJ and Joseph Kracko, Defendants*, bearing Index No. 653363/2016.

2. Plaintiff's Complaint, Petition to Confirm an Arbitration Award, Order to Show Cause, and Affirmation of Joseph M. Labuda were electronically filed on June 24, 2016 and were served on Defendant Local 32BJ's counsel on June 27, 2016. Copies of these documents are attached as Exhibit A (Complaint), Exhibit B (Petition), Exhibit C (Order to Show Cause), Exhibit D (Affirmation of Joseph M. Labuda).

3. Defendant Local 32BJ is a labor organization within section 2(5) of the Labor Management Relations Act ("Act"), 29 U.S.C. § 152(5), that represents employees "in an industry affecting commerce" within the meaning of section 301(a) of the Act, 29 U.S.C. § 185(a). The Union's headquarters are at 25 West 18th Street, New York, New York 10011.

4. Defendant Joseph Kracko was employed by 2700 Management as a live-in superintendent, and Local 32BJ was his exclusive collective bargaining representative. On information and belief, Kracko has not yet been served with the Complaint.

5. 2700 Management and Local 32BJ are parties to a collective bargaining agreement ("Agreement") with effective dates March 15, 2015 through March 14, 2019. The Agreement provides for arbitration of disputes arising under the Agreement.

6. The Agreement is a "contract[] between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a).

7. Pursuant to the Agreement, the Union and 2700 Management submitted a dispute regarding the termination of Kracko to arbitration before Arbitrator Marilyn Levine. At the arbitration hearing, the parties negotiated a settlement, and asked the Arbitrator to enter the settlement as a Consent Award.

8. Local 32BJ and 2700 Management now have a dispute regarding the meaning of the Consent Award. 2700 Management's suit seeks to have a court confirm its interpretation of the Consent Award.

9. This action is a civil action over which this Court has jurisdiction, arising under section 301(a) of the Act, 29 U.S.C. § 185(a), which in material part provides:

> Suits for violation of contracts between an employer and an organization representing employees in an industry affecting commerce as defined in this Act . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount of controversy or without regard to citizenship of the parties.

10. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

11. This Notice of Removal is filed within 30 days after receipt by Defendant of the papers annexed as Exhibits hereto.

THEREFORE, Defendant Local 32BJ respectfully requests that the state court action be removed from the New York State Supreme Court, County of New York to this Court.

Dated: New York, New York
June 27, 2016

Office of the General Counsel
SEIU Local 32BJ

By: *(signature)*
Andrew L. Strom (AS 2695)
SEIU Local 32BJ
25 West 18th Street
New York, New York 10011
Telephone: (212) 388-3025
Facsimile: (212) 388-2062
Attorneys for Defendant Local 32BJ