# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X

2700 MANAGEMENT CO., LLC

Index No.:

653363/2016

       Plaintiff,

   -against-

SUMMONS

SERVICE EMPLOYEES INT'L UNION,
LOCAL 32BJ, and JOSEPH KRACKO

       Defendants.
--------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED and required to appear in the New York

Supreme Court, New York County at the office of the Clerk of said court at 60 Centre

Street, New York, New York 10007, by serving an answer to the annexed complaint

upon plaintiff's attorney, at the address stated below within the time provided by law as

noted below; upon your failure to answer, judgment will be taken against you for the

relief demanded in the complaint, together with the costs of this action.

Dated: Lake Success, New York
      June 24, 2016

                          /s/ Joseph M. Labuda
                          Joseph M. Labuda, Esq.
                          John M. Harras, Esq.
                          Milman Labuda Law Group PLLC
                          Attorney for Plaintiff
                          3000 Marcus Avenue, Suite 3W8
                          Lake Success, New York 11042
                          (516) 328-8899

NOTE: The law or rules of law provide that:

(a)     If the summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally you must answer within 20 days after such service;

(b)     If this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court.

(c)     You are required to file a copy of your answer together with proof of service with the clerk of the district in which the action is brought within ten days of the service of the answer.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
2700 MANAGEMENT CO., LLC                    Index No.:

                    Plaintiff,

              -against-
                                            COMPLAINT

SERVICE EMPLOYEES INT'L UNION,
LOCAL 32BJ, and JOSEPH KRACKO

                    Defendants.
-----------------------------------------------------------------------X

  2700 MANAGEMENT CO., LCC, by and through its attorneys, Milman Labuda Law

Group PLLC, for its complaint, alleges:

## INTRODUCTION

  1.  This lawsuit seeks injunctive and declaratory relief to compel Defendants to

comply with an arbitration award and a general release.

## THE PARTIES

  2.  Plaintiff 2700 Management Co., LLC is a New York limited liability company

with offices in Queens County and New York County.

  3.  Defendant Service Employees International Union, Local 32BJ is a labor union

with offices in New York County.

  4.  Defendant Joseph Kracko resides at 2700 Henry Hudson Parkway, Bronx, NY.

## STATEMENT OF FACTS

  5.  Plaintiff is a building management company.  It operates a rent-controlled

residential building located at 2700 Henry Hudson Parkway, Bronx, NY 10463.

6. Plaintiff employed Defendant Kracko as a live-in superintendent. Plaintiff provided Defendant Kracko with an apartment as a condition of his employment.

7. On October 23, 2015, the New York Police Department ("NYPD") raided Kracko's apartment and found:

     i. One (1) large brick of uncut cocaine;
     ii. One (1) vacuum sealed package of cocaine;
     iii. Several small Ziploc bags of cocaine;
     iv. Seventy-five (75) Oxycodone pills;
     v. Eight (8) bags of marijuana;
     vi. Seven hundred fifty-three (753) Xanax pills;
     vii. One (1) safe; and
     viii. $1,063.00 in cash.

(See Exhibit "A").

8. The Office of the Bronx District Attorney determined that the narcotics in Defendant Kracko's apartment were "felony weights." Id. The District Attorney determined that Defendant Kracko's apartment was being used for illegal narcotics trade, business or manufacture. As a result, pursuant to the Real Property Action and Proceedings Law ("R.P.A.P.L.") Sections 711 and 715, Plaintiff had to remove Defendant Kracko from the premises. (See Exhibit "B")

9. As such, Plaintiff terminated Defendant Kracko on January 11, 2016 and demanded that Kracko vacate the apartment. (See Exhibit "C"). Kracko refused to vacate the apartment and still lives in the apartment, despite the notice from the Bronx District Attorney's Office.

10. Defendant Kracko is a member of the Service Employee's International Union Local 32BJ (the "Union"). Defendant Kracko filed a grievance with the Union and the Union filed for arbitration on his behalf to contest his termination.

11.     The arbitration hearing was scheduled for April 27, 2016 but the Union adjourned the case. The hearing was re-scheduled for May 12, 2016.

12.     Before the issue of Defendant Kracko's termination went to arbitration, the parties agreed to settle the matter and entered into a Stipulation of Settlement on May 12, 2016. (See Exhibit "D"). Under that Stipulation of Settlement, Plaintiff agreed to pay Defendant Kracko $15,000 and Kracko agreed to sign a general release and vacate his apartment by June 30, 2016. Defendant Kracko also signed the General Release on May 12, 2016. (See Exhibit "E").

13.     On May 17, 2016, Arbitrator Marilyn M. Levine approved of the Stipulation of Settlement and entered the terms into a Consent Award. (See Exhibit "F").

14.     On May 19, 2016, seven (7) days after signing, Defendant Kracko stated that he changed his mind and wanted a better deal. (See Exhibit "G").

15.     On June 13, 2016, the Union, presumably under the incorrect impression that the agreement between the parties had been revoked, attempted to reschedule another arbitration concerning Kracko's termination. (See Exhibit "H").

## CAUSES OF ACTION

### Anticipatory Breach of Contract

16.     Plaintiff repeats and realleges the allegations of paragraphs 1-12 as if set forth fully herein.

17.     Defendant Kracko has expressed a desire to breach the terms of the Stipulation of Settlement and of the General Release. Plaintiff needs Defendant Kracko to comply with the terms of those agreed upon documents, including the requirement that Defendant Kracko vacate his apartment by June 30, 2016.

18.    The Union has breached the terms of the Stipulation of Settlement by requesting arbitration of the case of Kracko's termination.

**WHEREFORE,** Plaintiff respectfully requests that the following judgment be entered against Defendants:

(1) permanent injunction requiring Defendants to comply with the Stipulation of Settlement and the General Release;

(2) confirmation of the May 17, 2016 Arbitration Award;

(3) declaration that the General Release is valid and enforceable.

(4) attorneys' fees and costs associated with this action.

Dated: Lake Success, NY
      June 24, 2016

/s/ Joseph M. Labuda, Esq.
Joseph M. Labuda, Esq.
John M. Harras, Esq.
MILMAN LABUDA LAW GROUP PLLC
Attorneys for Plaintiff
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899

**Exhibit A**

Darcel D. Clark
DISTRICT ATTORNEY

198 East 161st Street
Bronx New York 10451

(718) 590-2000

2700 Management Co. LLC
63-07 Saunders Street, Suite 1F
Rego Park, New York 11374

Dear Ms. Chernov,

On October 23, 2015 a search warrant was executed at 2700 Henry Hudson Parkway, Apartment 1C, Bronx County, New York State. The search warrant resulted in the seizure of one large brick of alleged uncut cocaine, one vacuum sealed package of alleged uncut cocaine, several small ziplock bags of alleged cocaine, 75 Oxycodone pills, 8 bags of marijuana, and 4 bags containing 753 Xanax pills. The laboratory analyses were positive for over 2 ounces of cocaine and over 1/8 ounce Oxycodone– both felony weights. The marijuana and the Alprazolam were misdemeanor weight. Also recovered were $1063.00 United States currency and one safe, in keeping the theory that this apartment was one in which illegal trade was afoot.(Please see attached Laboratory Analysis)

As a result of this incident, two individuals were arrested at the time that the search warrant was executed, namely Tyler Hernon and Antonio Stephens.It is my understanding that Joseph Kracko, his wife and son were present at the time of the arrest although that they were not arrested.The criminal matter, 2015BX050933/34 is currently pending and is next on the calendar on March 29, 2016 in Part B(Please see attached Criminal Court Complaint)

Based upon the foregoing the District Attorney's Office served a Demand Letter upon you demanding that you commence an eviction proceeding. It is our belief that an illegal narcotics operation was afoot in the premises. The totality of the circumstances including the fact that the case was based upon a search warrant coupled with the seizure of felony weight narcotics, a safe and over one thousand dollars cash is what led us to take both criminal and civil action(Please see attached Demand Letter)

The law is clear that those whose have a tenancy interest in premises are responsible for the criminal activity that transpires therein and thus, despite the fact that Joseph Kracko was not arrested, he is still civilly responsible for the activity that transpire in his apartment. Please feel free to contact me should you have any questions about this or if myOffice can be of any assistance at 718590-2425.

Sincerely,

Lisa Waller
Assistant District Attorney
Supervisor
Narcotics Bureau

**Exhibit B**



# OFFICE OF THE DISTRICT ATTORNEY Bronx County

ROBERT T. JOHNSON
District Attorney

215 E. 161 Street
Bronx N.Y. 10451

(718) 590-2000

## NARCOTICS BUREAU

Re: 2700 HUDSON PARKWAY, APT #1C, BRONX COUNTY, NEW YORK

PLEASE TAKE NOTICE, that the undersigned is a duly authorized Law Enforcement Agency of the State of New York under a duty to enforce the provisions of the Penal Law, and that the afore mentioned your premises are being used or occupied for the purposes of an illegal trade, business or manufacture.

Such use of your premises for an illegal trade, business or manufacture, is evidenced by the arrest of 1. HERNON, TYLER, 2. STEPHENS, ANTONIO at 2700 HUDSON PARKWAY, APT #1C, BRONX COUNTY, NEW YORK.
(see attached police reports).

Accordingly, we hereby serve notice that you are required, pursuant to Real Property Action and Proceedings Law (R.P.A.P.L.) Sections 711 and 715, to make an application for the removal of the legal tenant and the person(s) using the premises for illegal trade, business or manufacture.

If you do not make such application within five (5) days of this notice, or if, having made it, you do not diligently pursue it, the Office of the Bronx District Attorney may bring a proceeding for removal of the offending tenant, in which the tenant and landlord shall be named as Respondents pursuant to R.P.A.P.L. Section 715.

In addition, this Office may petition the Housing Court for the appointment of a 7A administrator pursuant to Article 7A of the R.P.A.P.L. Further, this matter may become the subject of forfeiture proceedings under C.P.L.R. Art. 13-A, Penal Law Article 480.00 and provisions of Federal Law covered by the Comprehensive Crime Control Act of 1984.

You should further be aware that should you fail to make the requisite application, a Court can impose a civil penalty of up to $5000.00 and attorney's fees in accordance with R.P.A.P.L. Section 715, as well as other provisions of the New York City Administrative Code and the New York City Maintenance Code.

(*The Multiple Dwelling Registration Statement on file with the City of New York discloses that you are the owner/managing agent of said premises.)

**Exhibit C**

# 2700 Management Co. LLC
*63-07 Saunders Street Suite 1F*
*Rego Park, New York 11374*

Tel. 718-897-6500                                                          Fax 718-897-5417

January 11, 2015

Joseph Kracko
2700 Henry Hudson Parkway Apt. 1C
Bronx, New York 10463

Re: Notice of Termination

Dear Mr. Kracko,

The purpose of this letter is to inform you of our decision to dismiss you from
employment as superintendent of 2700 Henry Hudson Parkway effective immediately.
You have thirty days from the day of this notice to vacate the apartment leaving it
undamaged and in broom swept condition. These actions are taken due to notification
from the Bronx District Attorney's office that narcotics were found in your apartment and
that two individuals were arrested on October 23, 2015.

All property belonging to 2700 Management Co. LLC which is in your possession must
be returned and delivered to Cecilia Chesnov, Managing Agent of the property effective
immediately. This includes your keys to the property and to any apartments in the
building as well as your phone.

Sincerely,
2700 Management Co. LLC

Cecilia Chesnov
Managing Agent

Cc Local 32BJ –Corrado Meola
   BRAB –Carol Keenan

**Exhibit D**

Dated: May 12, 2016
SEIU Local 32BJ

2700 Management Co., LLC

## STIPULATION OF SETTLEMENT

It is hereby understood and agreed to by the undersigned, SEIU Local 32BJ ("Union"), 2700 Management Co., LLC, ("Employer") and Joseph Kracko ("Kracko") that:

1.  Kracko's employment with the Employer ended January 11, 2016.

2.  The Employer shall provide Kracko with a neutral letter of reference which shall state Kracko's dates of employment, job title and rate of pay. The Employer shall reply to any and all inquiries about Kracko by potential future employers in the same manner.

3.  In lieu of reinstatement and in exchange for a General Release to be executed by Kracko in favor of the Employer, Employer agrees to make the following payments:
    a. No later than May 26, 2016, $2,000.00; and
    b. Upon surrendering possession of apartment 1C in broom clean condition and the keys thereto on or before June 30, 2016, $13,000.00.
    Employer shall furnish an IRS Form 1099 for purposes of Kracko's payment of taxes on the payments described herein. Kracko is solely responsible for payment of any taxes owed.

4.  The Parties acknowledge that Kracko is neither owed nor shall receive any amount in addition to the amount described herein; the payments herein are in full settlement of all claims the Union may have related to Kracko's employment by the employer.

5.  This Stipulation is entered into without precedent and shall not be referenced by the parties except to enforce the terms herein.

6.  Upon compliance with all of the terms herein, the Union shall withdraw case number 5935-15 with prejudice.

_____
SEIU Local 32BJ

_____
2700 Management Co., LLC

_____
Joseph Kracko

1

**Exhibit E**

Date:  May 12, 2016               Re:    Joseph Kracko
                                          2700 Management Co., LLC


## GENERAL RELEASE

General Release executed this 12th day of May 2016 by **Joseph Kracko** ("Employee").

For and in consideration of payment of $15,000.00, made by 2700 Management Co., LLC, ("Employer") pursuant to the terms of the Stipulation of Agreement between the Union and the Employer dated, May 12, 2016, ("Agreement"), and for other valuable consideration as set forth in the Agreement, Employee, for himself and for his heirs, executors, administrators, trustees, legal representatives and assigns (hereinafter, collectively referred to as "Releasors"), hereby forever releases Employer, or any of their parent companies, shareholders, subsidiaries, affiliates, divisions, employee benefit and/or pension plans or funds, successors and assigns and any of its or their past, present or future directors, officers, attorneys, agents, trustees, administrators, employees, or assigns (whether acting as agents for Employer or in their individual capacities) (collectively referred to as "Releasees") from any and all claims, demands, causes of action, and liabilities of any kind whatsoever (upon any legal or equitable theory, whether contractual, common-law, statutory, federal, state, local, or otherwise), whether known or unknown, by reason of any act, omission, transaction or occurrence which Releasors ever had, now have or hereafter can, shall or may have against Releasees for, upon or by reason of any act, omission, transaction or occurrence up to an including the date  of the execution of the General Release.

Without limiting the generality of the foregoing, Releasors hereby release and discharge Releasees from:

>    **(i)**      any and all claims relating to Employee's employment, the terms and condition s of such employment, and the employee benefits related to his employment with Employer

>    **(ii)**      any and all claims of employment discrimination and/or retaliation under any federal, state or local statute or ordinance, including, without limitation, any and all claims under the National Labor Relations Act ("NLRA"), Age Discrimination in Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), the Employee Retirement Income Security Act ("ERISA") (excluding any claims for accrued, vested benefits), the Family and Medical Leave Act ("FMLA"), the New York State Human Rights Law, New York State Labor Law, the

Fair Labor Standards Act ("FLSA") and the New York City
Administrative Code;

**(iii)**     any other claim (whether based on federal, state, or local law,
statutory or decisional) relating to or arising out of Employee's
employment, the terms and conditions of such employment, including but
not limited to claims for breach of contract (express or implied), wrongful
discharge, detrimental reliance, defamation, invasion of privacy, mental
distress, physical injury, humiliation or compensatory or punitive
damages; and

**(iv)**     any and all claims for attorney's fees, costs, disbursements and/or
the like which Releasors ever had, now have or hereafter can, shall or may
have against Releasees for, upon or by reason of any act, omission,
transaction or occurrence up to and including the date of the execution of
this General Release;

Employee acknowledges and agrees that the benefits provided pursuant to this
General Release and the corresponding Agreement: (i) are in full discharge of any and all
liabilities and obligations of the Releasees to Employee, monetarily or with respect to
employee benefits or otherwise, including but not limited to any and all obligations
arising under any alleged written or oral agreement, understanding, arrangement, policy,
plan or procedure of the Releasees, any alleged agreement between the Releasees and
Employee's collective bargaining representatives (SEIU Local 32BJ); and (ii) exceed any
payment benefit, or other thing of value to which Employee might otherwise be entitled
under any policy, plan or procedure of the Releasees, any agreement between the
Releasees and SEIU Local 32BJ, and/or any agreement between Employee and the
Releasees.

Employee acknowledges and agrees that the terms and conditions of this General
Release and corresponding Stipulation of Settlement are and shall be deemed to be
strictly confidential, and shall not be disclosed to any person or entity without the prior
written consent of Employer, except if required by law, to his accountants, attorneys
and/or immediate family members provided that, to the maximum extent permitted by
applicable law, rule code, or regulation, they agree to maintain the confidentiality of the
General Release and corresponding Stipulation of Settlement. If required by law to make
any such disclosure, Employee agrees first to notify Employer in order to give them an
opportunity to challenge any such required disclosure. Employee further represents that
his attorneys, accountants, family members or agents shall not solicit or initiate any
demand or request by others for any disclosure of the existence or terms of this General
Release and corresponding Stipulation of Settlement, or encourage or induce any other
person to make any comment or disclose any matter that Employee may not make or
disclose pursuant to this paragraph.

If any provision of this General Release is held by a court of competent
jurisdiction to be illegal, void or unenforceable, such provision shall have no effect;

however, the remaining provisions shall be enforced to the maximum extent possible. Further, if a court should determine that any portion of this General Release is overbroad or unreasonable, such provision shall be given effect to the maximum extent possible by narrowing or enforcing in part that aspect of the provision found overbroad or unreasonable.

Employee shall have twenty-one (21) days from receipt of this General Release to consider whether to accept its terms and conditions by signing the General Release. If Employee signs this General Release, he shall have seven (7) days to revoke his acceptance.

By signing this General release, Employee acknowledges he has been given up to twenty-one (21) days to consider the terms and conditions of this General Release and has been advised by Employer to discuss the terms and conditions of this General Release with an attorney unrelated to Employer prior to signing this General Release. By signing this General Release, Employee further acknowledges that he is entering into this General Release freely, knowingly and voluntarily, with a full understanding of its terms and conditions and that he will have seven (7) days from the date he signs this General Release to revoke the General Release by sending written notice to: Joseph Labuda, Esq., by facsimilie at (516) 328-0082 with a copy to Amie Ravitz, Esq., at aravitz@seiu32bj.org.

_____
**Joseph Kracko**

**STATE OF New York )**
                                    )ss.:
**COUNTY OF** N Y        )

On the 12 day of May 2016, before me, the undersigned, a Notary Public in and for said State, personally appeared **Joseph Kracko** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s_ whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s). or the persons(s) upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

3

**Exhibit F**

```
- - - - - - - - - - - - - - - - - - - - - - - X
```
In the Matter of the Arbitration between

MICHAEL FISHMAN, PRESIDENT, LOCAL 32BJ,      **CONSENT AWARD**
SERVICE EMPLOYEES INTERNATIONAL UNION          Case #6935-16


            - and -


2700 MANAGEMENT CO., LLC

```
- - - - - - - - - - - - - - - - - - - - - - - X
```

**APPEARANCES:**

For the Union:            Amie Ravitz, Esq.
                          Associate General Counsel

For the Employer:         Joseph Labuda, Esq.
                          Robert Simone, Executive Vice President
                          Cecilia Chesnov, Managing Agent

Employee:                 Joseph Kracko, Grievant

Premises:                 2700 Henry Hudson Parkway
```
- - - - - - - - - - - - - - - - - - - - - -
```

A dispute having arisen between 2700 MANAGEMENT CO., LLC
(hereinafter referred to as the "Employer") and Local 32BJ,
Service Employees International Union (hereinafter referred to
as the "Union") concerning 2700 Henry Hudson Parkway, the same
was submitted to the Undersigned for arbitration and Award
pursuant to the pertinent provisions of the then current
Collective Bargaining Agreement between the parties at a hearing
scheduled for May 12, 2016.

In a letter dated January 25, 2016, which was submitted to the Office of the Contract Arbitrator, the Union alleged the following complaint on behalf of Joseph Kracko (the "Grievant"), and the same was by mutual consent of the parties submitted to the Undersigned for adjudication and Award.

> "Member, a Superintendent, states that
> he was unjustly discharged effective
> 01/11/2016."

Prior to the commencement of the scheduled hearing, the Parties advised me that they had succeeded in effecting an amicable resolution of the above dispute, and requested that the same be incorporated in this Award:

## CONSENT AWARD

The Stipulation of Settlement in the above-entitled matter is affixed hereto and made a part of this Consent Award.

Dated: May 12, 2016
SEIU Local 32BJ                                      2700 Management Co., LLC

## STIPULATION OF SETTLEMENT

It is hereby understood and agreed to by the undersigned, SEIU Local 32BJ ("Union"),
2700 Management Co., LLC. ("Employer") and Joseph Kracko ("Kracko") that:

1. Kracko's employment with the Employer ended January 11, 2016.

2. The Employer shall provide Kracko with a neutral letter of reference which shall
   state Kracko's dates of employment, job title and rate of pay. The Employer
   shall reply to any and all inquiries about Kracko by potential future employers in
   the same manner.

3. In lieu of reinstatement and in exchange for a General Release to be executed by
   Kracko in favor of the Employer, Employer agrees to make the following
   payments:
   a. No later than May 26, 2016, $2,000.00; and
   b. Upon surrendering possession of apartment 1C in broom clean
      condition and the keys thereto on or before June 30, 2016,
      $13,000.00.
   Employer shall furnish an IRS Form 1099 for purposes of Kracko's payment of
   taxes on the payments described herein. Kracko is solely responsible for
   payment of any taxes owed.

4. The Parties acknowledge that Kracko is neither owed nor shall receive any
   amount in addition to the amount described herein; the payments herein are in
   full settlement of all claims the Union may have related to Kracko's employment
   by the employer.

5. This Stipulation is entered into without precedent and shall not be referenced by
   the parties except to enforce the terms herein.

6. Upon compliance with all of the terms herein, the Union shall withdraw case
   number 5935-15 with prejudice.


_____          _____
SEIU Local 32BJ                            2700 Management Co., LLC


_____
Joseph Kracko


1

DATE: May 17th 2016

_Marilyn M. Levine_
MARILYN M. LEVINE
Contract Arbitrator


STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK  )

I hereby affirm pursuant to CPLR Sec. 7507 that I am the individual described in and who executed this instrument which is my Award.

DATE: May 17th 2016

_Marilyn M. Levine_
MARILYN M. LEVINE
Contract Arbitrator

**Exhibit G**

**Subject:** settlement deal on the table and security wages previosly being held by management for joseph g. kracko super 2700 henry hudson parkway

**From:** Joseph g. Kracko (joegkracko7@yahoo.com)

**To:** aravitz@seiu32bj.org;

**Date:** Wednesday, May 18, 2016 6:08 PM

Hi Arnie   although I know I am getting a bad deal and have talked to several people including multiple lawyers to two other union members who were terminated. one being a doorman with no apartment at risk who basically received the same deal as I am getting, and a super who received 170k plus 10k moving expenses.in both cases the buildings involved also took care of the taxes on the buy out of these jobs. both buildings were on palisades avenue just a few blocks from here.under different managements and were 32 b j members. also the office is holding at least one week of my pay and possibly 2 as so called security which I would also want back over and above this deal which I still believe should be better. and as you said because of the law governing this building they are not obligated to evict me which in turn removes their argument that they have to evict me for insurance purposes. and also removes their argument that they cannot take me back because the building requires a live in super. i can still be super of the building and they can take me back if they are not forced to evict me. and I have committed no crime so they do not have a case as far as anyone can see that I've shown this to. I know everybody would like this to just go away but after we all walk away from this I will still be the only one homeless and unemployed with no means to rent a place to live and a couple of months money in my pocket to try and find a way to survive. I am sorry but I cannot let them bully and take advantage of me again and  believe I have earned more for 23 + years of hardworking and loyal service. you said I had 7 days to change my mind so this response is within that time frame I will print it out and have it notarized as well for you. I am still open to a deal but it has to be fair for both sides. if you would like to talk to me please call me at 718-530-5065 I do want to talk to you more in depth about this situation. thank you for your consideration in this situation. Sincerely Joseph G. Kracko

516-328-0082

c/Joseph Jaduda att.

Refusal to accept
Mangement / union agreement
Signed & Dated May-12-2016

Joseph G. Kracko
May - 19 - 2016

Rule of over 40 yrs old
7 DAY Rejection Rule formerly
agreement

**Exhibit H**

## Joe Labuda

| | |
|---|---|
| From: | Terry Scott <TScott@seiu32bj.org> |
| Sent: | Monday, June 13, 2016 4:22 PM |
| To: | ocaadmin1@verizon.net; Christine O'Sullivan |
| Cc: | Amie Ravitz; Joe Labuda |
| Subject: | Joseph Kracko-Case # 5935-16-2700 Henry Hudson CRM:0044075 |

Hello the above captioned case was last scheduled at OCA in front of arbitrator Marilyn Levine on May 12, 2016. The Union is requesting a new hearing date for this case. I am unavailable from June 30, 2016-July 11, 2016.

Regards,

Terry W. Scott, Jr. Esq.
Associate General Counsel
SEIU Local 32BJ
25 West 18th Street
New York, New York 10011
TScott@seiu32bj.org
(212) 388-3274